UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARIA HELENA ARANGO,          ) Case No.: 07-22544-CIV-SEITZ
       Plaintiff,          )
vs.                           )
                              )
LAUREN WARSING                )
JOHN WARSING                  )
       Defendants          )
                              )

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR PARTIAL DISMISSAL OR STRIKING
OF THE COMPLAINT IN FULL**

COMES NOW Plaintiff in response to the above-described Defendants' Motion filed by Defendants on 11/26/07 (DE# 13) as follows:

**INTRODUCTION**

This is a Fair Labor Standards Act ("FLSA") matter, pursuant to which Plaintiffs seeks all unpaid federal and Florida minimum wages along with damages for retaliatory discharge. Defendants' Motion ought be denied in its entirety.

**MEMORANDUM OF LAW**

A.    Motion to Dismiss Standard.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar must demonstrate "beyond doubt" that "no set of

1

facts" could entitle Plaintiffs to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

**1. Overtime Claim.**

Neither the Amended Complaint nor the Statement of Claim in this cause seeks damages for unpaid overtime. Paragraph 8 of the Complaint should not have been cited, as overtime is not being sought. Plaintiff seeks damages for minimum wage violations and retaliation, and Defendants have not demonstrated that Plaintiff's live-in position has any bearing on those claims.

**2. Florida Minimum Wage Claim.**

Florida Statute Section 448.110 became an implementing statute in part with respect to Section 24 of Article 10 of the Florida Constitution. However, no case law is cited by the defense to justify dismissal given the Constitutional protections. Where an employee brings a minimum wage action pursuant to Fla. Const. art. X, § 24, he/she is not required to fulfill the notice requirements found in Fla. Stat. ch. 448.110(6)(a) in order to allege a violation of Fla. Const. art. X, § 24; the state legislature cannot add a requirement that had to be fulfilled before the employee could exercise a right previously granted by the Florida Constitution. See, *Throw v. Republic*, 2006 U.S. Dist. LEXIS 46215 (M.D. Fla. 2006). *Throw* makes it clear that Plaintiff can bring the Florida Minimum Wage Count pursuant to the Florida Constitution (and therefore without the need to satisfy any exhaustion requirements under Florida Statute Section 448.110). The Amended Complaint cites the Florida Constitution.

**3. Statute of Limitations.**

The issue of whether the applicable statute of limitations may be extended to 3 years hinges on whether the Defendants' conduct was a willful violation. *McGuire, et al. v. Hillsborough County, Florida*, 511 F. Supp.2d 1211, 2007 U.S. Dist. LEXIS 3220, *19 (M.D. Fla. 2007). *McGuire* further went on to hold that such issue of willful violation is a jury question. *Id*. at *20. Therefore, a jury must decide the issue of willful violation that determines the statute of limitations.

Similarly, Defendants cannot prevail under a motion to dismiss standard as willful and intentional conduct was plead in Paragraph 12 of the Amended Complaint. In line with the above motion to dismiss standard, Defendants cannot demonstrate beyond doubt that no set of facts could entitle Plaintiffs to relief regarding the statute of limitations; such has been pled within the four corners of the Amended Complaint.

As to the Florida Minimum wage, Plaintiffs refer to the above regarding protections under the Florida Constitution and the *Throw* case. Defendants do not address the Florida Constitution that indicates, among other things, a "five year" statute of limitation for "willful violations." Section 24(e), Article 10. As indicated above, under *Throw* implementing language cannot limit Constitutional rights: such is why the state legislature cannot add a requirement that had to be fulfilled before the employee could exercise a right previously granted by the Florida Constitution. Thus, Plaintiff also refers the Court to Section 24(f), Article 10 of the Florida Constitution that indicates that the "federal FLSA shall guide the construction of this amendment…." Thus, at the minimum, the Court should apply *McGuire* and permit at least a 3 years limitation period for the Florida Minimum wage claim.

**4. Rule 10 and Rule 8 of the Federal Rules of Civil Procedure.**

Not only can Defendants not demonstrate beyond doubt that no set of facts could entitle Plaintiffs to relief, the Amended Complaint is not a shotgun pleading.  First, Fed.R.Civ.P. 10(b) states averments must be in numbered paragraphs, and there shall be separate counts "whenever a separation facilitates the clear presentation of the matters set forth."  Plaintiff clearly separated the minimum wage and retaliation counts into Counts I and II.  Further, "if the defendants desire more information, they can seek it by interrogatories, depositions or discovery."  *Beagelman v. Owens-Illinois Glass Company*, 26 FRD 181, 183 (S.D. NY 1960).   Plaintiffs necessarily re-adopted paragraphs 1-11 under Count II, because the allegations under Count I serve as the basis for the retaliation action.  Plaintiff must demonstrate she was fired due to seeking redress for the minimum wage violations.

In addition, under Fed.R.Civ.P. Rule 8 a complaint "shall contain … a short and plain statement" setting forth entitlement to relief.  Plaintiff simply must "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957).

The Amended Complaint and Statement of Claim put Defendants on clear notice of "precisely which of its pay practices [are] at issue."  *Marshall v. ITT Continental Baking Co*., 1978 U.S. Dist. LEXIS 14691, *5 (S.D. NY 1978).  Regarding the minimum wage allegations, Paragraphs 7-11 of the Amended Complaint set forth the required wages, time period, hours worked and wages paid.  In addition, there is sufficient information for the defense to respond to the retaliation allegation under Count II.

WHEREFORE, PLAINTIFF RESPECTFULLY MOVES THIS COURT TO DENY DEFENDANTS' MOTION IN ITS ENTIRETY.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: KRL_KELLY@YAHOO.COM**
**F.B.N. 0123870**
**BY:_____K. David Kelly__/s/_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE:**
**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED TO THE FOLLOWING SUBSEQUENT TO E-FILING:**
**WILLIAM J. SIMONITSCH, ESQ.**
**K&L GATES**
**200 SOUTH BISCAYNE BLVD., 20TH FLOOR**
**MIAMI, FL 33131**
**FAX: 305.358.7095**

**BY:_____/s/ K. David Kelly_____**
**K. DAVID KELLY, ESQ.**