UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22544-CIV-SEITZ/MCALILEY

MARIA HELENA ARANGO,

    Plaintiff,

v.

LAUREN WARSING and JOHN WARSING,

    Defendant.

_____/

**ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS;
(2) GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER;
(3) DISMISSING OTHER PENDING MOTIONS AS MOOT; AND
(4) SETTING DEADLINES FOR FILING AND DEPOSITIONS**

THIS MATTER came before the Court for hearing on January 11, 2008, on Defendants' Motion to Dismiss the Amended Complaint [DE-13] and Defendants' Motion for Protective Order [DE-18]. The Court noted that Defendants' first ground for dismissal is invalid; the exemption of domestic service employees set forth in 29 U.S.C.A. § 213(b)(21) is limited to claims under 29 U.S.C.A. § 207 for overtime - the exemption does not reach claims under 29 U.S.C.A. § 206 for minimum wage. As such, Plaintiff's First Amended Complaint sets forth a valid claim over which the Court has jurisdiction, despite its reference to 29 U.S.C.A. § 206. As discussed at the hearing and agreed by the parties, Defendants' second ground for dismissal, Plaintiff's failure to comply with the written notice requirement of Fla. Stat § 448.110(6), will be cured by Plaintiff's filing a Second Amended Complaint according to the briefing schedule set forth below and by Plaintiff's providing a letter of notice to Defendants' counsel.[1]

---

[1] Defendants will have more than fifteen (15) days' notice of Plaintiff's claim before her Second Amended Complaint is due. Thus, the Court need not reach the interplay between Fla. Stat § 448.110(6) and Fla. Const. Art. X, § 24.

Plaintiff's Second Amended Complaint will: (1) not include any reference to overtime claims or provisions; (2) clearly set forth the amounts to which Plaintiff is entitled. Furthermore, Plaintiff will ensure that a good faith investigation is performed before making the statements included in Paragraph 15 of her (First) Amended Complaint [DE-3]. In their response to the Second Amended Complaint, Defendants shall specify what credits they contend apply to Plaintiff's claim (e.g., food and lodging, as noted in their Response to Plaintiff's Statement of Claim [DE-12]) and support their arguments with legal authority.

To support Defendants' Motion for Protective Order [DE-18], Defendants' counsel explained at the hearing that Defendants seek a protective order to shield the medical information contained in letters from Defendants' physician. Defendants' counsel told the Court that the Defendants' medical conditions would not preclude them from being deposed and agreed to make Defendants available for deposition by March 21, 2008. To protect Defendants' medical information while also apprising Plaintiff's counsel of the reason the depositions were cancelled, the letters will remain under seal but Defendants' counsel will allow Plaintiff's counsel to review them, provided that Plaintiff's counsel agrees to preserve the confidentiality of the letters.

Additionally, after agreeing to the deadlines set forth below, the parties confirmed that they can abide by the dates set forth in their Joint Proposed Scheduling Report [DE-17], which the Court will incorporate into a separate Order.

For reasons set forth at the January 11, 2008 hearing, it is hereby ORDERED that:

(1) Defendants' Motion to Dismiss the Amended Complaint [DE-13] is GRANTED;

(2) Plaintiff shall promptly provide written notice of her claim to Defendants' counsel and shall file a Second Amended Complaint in accordance with the requirements set forth above **no later than February 11, 2008**;

(3) Defendants shall have **until February 26, 2008**, to file their Response to Plaintiff's Second Amended Complaint in accordance with the requirements set forth above;

(4) Defendants' Motion for Protective Order [DE-18] is GRANTED and the document filed as DE-19 shall remain UNDER SEAL. Defendants' counsel shall allow Plaintiff's counsel to review DE-19 and its attachments **before February 11, 2008**; however, unless Defendants waive the confidentiality of the letters, Plaintiff's counsel must preserve their confidentiality and failure to do so will subject counsel to sanctions.

(5) Depositions of the Defendants shall take place **no later than March 21, 2008;** and

(6) All pending motions not otherwise disposed of in this Order are DISMISSED AS MOOT.

DONE AND ORDERED in Miami, Florida, this 14th day of January, 2008.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record